Filed 2/20/26  P. v. James CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARREN L. JAMES,<br><br>    Defendant and Appellant. | D085865<br><br><br><br>(Super. Ct. No. BLF2400163) |

APPEAL from a judgment of the Superior Court of Riverside County, Gregory Olson,* Judge.  Affirmed.

Darren L. James, in pro. per.; and Mytili G. Bala, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Darren L. James was charged with being in possession of a banned synthetic cannabinoid in a state prison.  He entered into a plea agreement in which he pleaded guilty to attempted possession of a synthetic cannabinoid

---

*       Retired Judge of Riverside Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

(Pen. Code,[1] §§ 664/4573.6, subd. (a)). James admitted a strike prior (§ 667, subds. (b)–(i)). The parties stipulated there was a factual basis for the plea.

James was sentenced in accordance with the plea agreement to a term of three years in prison, consecutive to the term he was currently serving.

James filed a timely notice of appeal and obtained a certificate of probable cause.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered James the opportunity to file his own brief on appeal. James has responded by filing a supplemental brief challenging the legality of his conviction and claiming counsel was ineffective.

The record in this case does not contain any challenge to the legality of the charges or the conviction. The supplemental brief presents material not on the record in this appeal. We cannot evaluate the allegations contained in the supplemental brief for the first time on appeal. Whether or not there is some basis for relief available to James it will have to be based on a complete record which is not now before us. James's challenge will have to be presented in some other post-conviction proceeding.

STATEMENT OF FACTS

In his change of plea, James stated he attempted to possess a banned synthetic cannabinoid and did the things that are specified in the charges and agreed he had a prior strike.

---

[1]     All statutory references are to the Penal Code.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified four possible issues that were considered in evaluating the potential merits of this appeal.

    1.     Whether James's admission of guilt was to a legal impossibility.

    2.     Whether counsel's stipulation furnished a factual basis for the plea.

    3.     Whether there are any consequences from the Legislature's failure to pass Assembly Bill No. 2846 that should have been considered.

    4.     Whether the court erred in sentencing James.

We have independently reviewed the record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented James on this appeal.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.*

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

---

*       Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.